**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIGE TAKIGUCHI; et al., | No. 14-17061 |
| Plaintiffs - Appellees, | D.C. No. 2:13-cv-01183-JAD-VCF |
| v. | |
| MRI INTERNATIONAL, INC., | MEMORANDUM* |
| Defendant, | |
| and | |
| JUNZO SUZUKI and PAUL MUSASHI SUZUKI, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:  THOMAS, Chief Judge, and BENAVIDES[**] and OWENS, Circuit Judges.

Junzo Suzuki and Paul Musashi Suzuki appeal from the district court's preliminary injunction freezing all of their assets.  We have jurisdiction under 28 U.S.C. § 1292, and we review the district court's preliminary injunction order for abuse of discretion.  *Doe v. Harris*, 772 F.3d 563, 570 (9th Cir. 2014).

The Suzukis argue that the preliminary injunction is overbroad because it imposes a constructive trust for the benefit of a proposed class that has not been certified.  "[I]n the absence of class certification, the preliminary injunction may properly cover only the named plaintiffs." *Nat'l Ctr. for Immigrants Rights, Inc. v. INS*, 743 F.2d 1365, 1371 (9th Cir. 1984).  However, a preliminary injunction may incidentally benefit putative class members prior to class certification, so long as the breadth of the injunction is necessary to give the named plaintiffs the relief to which they would be entitled if they prevail.  *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501-02 (9th Cir. 1996).

It is unclear whether the district court properly tailored the preliminary injunction to preserve assets for the benefit of the 25 named plaintiffs.  Certain statements in the district court's order suggest that the preliminary injunction may

---

[**]  The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

have been impermissibly issued to afford relief to unnamed class members, while other statements suggest that the preliminary injunction was properly crafted to protect a potential recovery by the named plaintiffs. We remand so that the district court may either clarify that the broad scope of the preliminary injunction is necessary to benefit the named plaintiffs, or, if not, may modify the preliminary injunction to protect only the named plaintiffs' interests. *See Nat'l Ctr.*, 743 F.2d at 1371-72. If need be, the district court should hold an evidentiary hearing or permit discovery to determine whether the Suzukis hold assets beyond those necessary to compensate the named plaintiffs if they prevail. To prevent harm to the named plaintiffs, the current injunction will remain intact while the district court reconsiders its scope. *See, e.g.*, *Ashcroft v. ACLU*, 535 U.S. 564, 586 (2002); *Nat'l Org. for Reform of Marijuana Laws v. Mullen*, 796 F.2d 276, 276 (9th Cir. 1986).[1]

The Suzukis also argue that the preliminary injunction is overbroad because it impermissibly freezes assets for the purpose of securing a potential award of legal damages. The Supreme Court has held that an asset-freezing preliminary

---

[1] Although this case is assigned to District Judge Jennifer Dorsey, preliminary injunction motions have been referred to District Judge Howard McKibben, who issued the order that is the subject of this appeal. We, of course, have no objection to Judge McKibben continuing to handle preliminary injunction proceedings on remand.

injunction is an equitable device that may not issue to prevent the dissipation of assets pending adjudication of a claim for legal damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). However, this court has held that the *Grupo Mexicano* rule applies only in cases seeking *exclusively* legal damages. *Johnson v. Couturier*, 572 F.3d 1067, 1083-84 (9th Cir. 2009); *In re Focus Media Inc.*, 387 F.3d 1077, 1084-85 (9th Cir. 2004). Where, as here, both equitable and legal remedies are sought, this court has never held that a preliminary injunction may only freeze assets for the potential equitable recovery.

The Suzukis next argue that the preliminary injunction should be reversed because plaintiffs have not established a likelihood of success or serious questions going to the merits of their claims. We disagree. The Suzukis appear to have played key roles in orchestrating a massive Ponzi scheme that defrauded the plaintiffs out of millions of dollars. As a result, the district court did not err in concluding that the plaintiffs have, at a minimum, raised serious questions regarding whether the Suzukis had actual or constructive knowledge of the fraud. Furthermore, although communications involving the Suzukis bolster the conclusion that they had knowledge of the fraud in April 2012, other evidence raises serious questions with respect to their knowledge prior to April 2012. We

4                                                                      14-17061

therefore reject the Suzukis' contention that the preliminary injunction may only apply to the proceeds of the fraud that they received after April 2012.

Finally, the Suzukis argue that the district court improperly considered evidence that the plaintiffs submitted with their preliminary injunction reply brief and allegations pleaded for the first time in the Third Amended Complaint, which was filed after all of the preliminary injunction briefing. The Suzukis waived their challenge to the district court's consideration of the reply brief evidence by failing to raise that challenge below. *Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011). The Suzukis cite no authority for the proposition that a district court is prohibited from reciting facts alleged in the operative complaint, and even if it were error to do so, it would be harmless, *see United States v. Nutri-cology, Inc.*, 982 F.2d 394, 398 (9th Cir. 1992), because the mere allegations of a complaint will never suffice to establish the prerequisites for obtaining a preliminary injunction, *see Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

We **VACATE** the judgment and **REMAND.** The preliminary injunction shall remain in place for a reasonable time to allow the district court to conduct further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

14-17061